**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE MENDEZ, ) | Case No. CV 18-0532 FMO (Ex) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER DISMISSING ACTION WITHOUT** |
| ) | **PREJUDICE** |
| MEGA LIQUOR NO. 8, ) | |
| ) | |
| Defendant. ) | |
| ———————————————— ) | |

Plaintiff filed his complaint on January 22, 2018. (Dkt. 1). On May 8, 2018, the Clerk entered defendant's default, (see Dkt. 13), and the court issued an order setting May 22, 2018 as the deadline for plaintiff to file a motion for default judgment. (See Dkt. 15, Court's Order of May 8, 2018). Plaintiff was admonished that "failure to file [his] motion for default judgment by the deadline set forth" in the order may result in the action being dismissed for failure to prosecute and/or to comply with a court order. (Id.) (citing Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). As of the date of this Order, plaintiff has not filed a motion for default judgment. (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113

S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rule 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to prosecute and comply with the court's order issued on May 8, 2018, (Dkt. 15), is appropriate. Plaintiff was expressly advised that "failure to file [his] motion for default judgment by the deadline set forth" in the order may result in the action being dismissed for failure to prosecute and/or to comply with a court order. (See id.). Again, plaintiff never filed his motion for default judgment, requested an extension of time to do so, or otherwise communicated with the court. (See, generally, Dkt.); see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (noting that where a plaintiff does not act, "resources continue to be consumed by a case sitting idly on the court's docket"). Plaintiff's inaction hindered the court's ability to move this case toward disposition and allowed plaintiff, rather than the court, to control the pace of the docket. See, e.g., Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (affirming district court's finding that plaintiff's "failure to amend ha[s] caused the action to come to a complete halt and ha[s] allowed the Plaintiff[] to control the pace of the docket rather than the Court.") (internal quotation marks omitted); In re Phenylpropanolamine Products Liability Litig., 460 F.3d 1217, 1234 (9th Cir. 2006) ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket.").

Moreover, from the district court's vantage point, plaintiff's inaction and silence reflected that he lost interest in further pursuing this action.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with an order of this court.

Dated this 29th day of May, 2018.

_____/s/_____
Fernando M. Olguin
United States District Judge
